ENDERS, Respondent, vs. SMITH, Appellant.

*September 8—October 18, 1904.*

*Execution: Supplementary proceedings: Statutes construed: Arrest: Affidavit: Jurisdiction: Costs.*

1. Sec. 3032, Stats. 1898, is not merely ancillary to secs. 3030, 3031; and the affidavit under sec. 3032 need not also satisfy the requirements of said other sections.
2. To arouse jurisdiction to issue a warrant for the arrest of a judgment debtor, under sec. 3032, Stats. 1898, the affidavit on behalf of the creditor need not specify the property which it

is claimed the debtor unjustly refuses to apply to the judgment.

3. Where the misconduct of a judgment debtor has made necessary a proceeding under sec. 3032, Stats. 1898, an order awarding costs against him is proper under sec. 3038.

APPEAL from an order of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Respondent, having a justice's judgment against appellant, duly transcripted to the circuit court for Price county, made affidavit to that fact, the amount due thereon, the issue of an execution and its delivery to the sheriff of Price county, where appellant resided; also that there was danger of the said judgment debtor leaving the state of Wisconsin or concealing himself, and that there was good reason to believe that said judgment debtor had property which he unjustly refused to apply to said judgment. On this affidavit the county judge entered an order in pursuance of sec. 3032, Stats. 1898, reciting that said several facts were proved to his satisfaction by respondent's affidavit, and commanded the sheriff to arrest said judgment debtor and bring him before the county judge to answer concerning his property. This was done, and considerable testimony taken tending to show that the appellant had held certain land contracts, but had attempted to transfer the same some time before the entry of the judgment to a foreign corporation not authorized to do business in this state; and that on the same day, but later than the filing of the transcript of the judgment, being convinced of the invalidity of such assignments, he had made an assignment of these equitable interests to his wife; that, on application to him by respondent's attorney for information as to property subject to execution, appellant stated to such attorney that he had fully transferred and disposed of all his interests under such land contracts, and had no property subject to execution.

Upon this showing respondent's attorney, deeming the first

transfer of appellant's equitable rights void, and discovering that his judgment was a legal lien prior to the later assignments, and therefor did not need to be aided by any further order, and these facts having been brought to light by the examination rendered necessary by appellant's refusal to apply said property to said judgment and concealment of his interest therein, the court entered an order on October 7, 1903, that the appellant pay certain specified costs and expenses of the proceeding.

Thereafter the appellant applied to the circuit court for an order vacating and setting aside the rulings and orders of the county judge made in said supplementary proceedings, basing said application upon the contention that the proceedings were null and void because of the insufficiency of the affidavit of respondent on which they were founded and of the order for arrest and examination. The circuit court refused to vacate, but confirmed the order of the county judge. From such action of the circuit court defendant brings this appeal.

*G. E. Schwindt,* for the appellant.

For the respondent the cause was submitted on the brief of *Barry & Barry.*

DODGE, J. The question raised by appellant is whether sec. 3032, Stats. 1898, is distinct from and independent of secs. 3030, 3031, or is merely ancillary thereto, imposing additional steps and conditions upon which an arrest in lieu of a mere order for examination is authorized by one or other of the preceding sections. Sec. 3030 in effect provides that after the issue of an execution and its return unsatisfied the judgment creditor, upon those facts alone, is entitled to an order requiring the judgment debtor to appear before a judge and answer "concerning his property." Sec. 3031 provides that after the issue of an execution, and before its return, upon proof to the satisfaction of a judge that the judgment debtor

has property which he unjustly refuses to apply towards the satisfaction of the judgment, whether subject to execution or not, the judge may make an order requiring him to appear and answer "concerning the same." Sec. 3032 provides:

"Instead of making an order requiring the attendance of the judgment debtor, as provided in the two preceding sections, the judge, upon proof by affidavit, to his satisfaction, that there is danger of the judgment debtor's leaving the state or concealing himself and that there is reason to believe that he has property which he unjustly refuses to apply to such judgment, may issue a warrant requiring the sheriff . . . to arrest him and bring him before such judge to answer concerning his property."

As appellant justly states, there is no pretense that the execution had been returned, so that we may dismiss from consideration sec. 3030. He contends, however, that where it appears that the execution has not been returned, then, in order to arouse the jurisdiction of the magistrate to issue an order of arrest, the creditor must prove by affidavit, to the satisfaction of the magistrate, everything that is required either by sec. 3031 or sec. 3032; that only when he establishes a case for an order for examination under sec. 3031 can he have the order of arrest, which he insists is only authorized in lieu thereof by sec. 3032 upon certain additional facts. This being his argument, he attacks the sufficiency of the respondent's affidavit upon the authority of *Smith v. Weeks,* 60 Wis. 94, 18 N. W. 778, which held void an order for examination made under sec. 3031 for two reasons: first, that it disclosed that the property concealed by the judgment debtor was tangible property subject to levy on execution, to which that section, as it then existed, did not apply; secondly, because it did not specify the property claimed to be con cealed. The first of these objections has since been obviated by amendment in the revision of 1898, when were inserted the words, "whether subject to execution or not." The second objection to the present affidavit, if it must satisfy the

requirements of sec. 3031, is perhaps still cogent, it being held in *Smith v. Weeks* that the court was confined to an examination concerning the specific property described in the affidavit, because the statute only authorized that the judgment debtor be called to "answer concerning *the same*" property which the affidavit declared he unjustly refused to apply towards the satisfaction of the judgment; hence, impliedly, the affidavit must describe some property.   See *Smith v. Weeks,* 60 Wis. 106, 18 N. W. 782.   This expression, "the same," has been held to differentiate the scope of sec. 3031 from sec. 3030 which authorized an inquiry generally as to the property of the judgment debtor.   In New York, however, whence these statutes were borrowed, the rule that the affidavit must describe some property is based on a different ground, namely, that, since the proceeding does not lie against property which can be levied upon, therefore the affidavit must show that the property is unleviable either in character or by reason of concealment (*Manken v. Pape,* 65 How. Pr. 453) ; a reason which would seem to have been removed by the amendment to our sec. 3031 above mentioned.   Further, in New York it is held that such requirement is not jurisdictional if debtor submits to the examination without objection and the proof thus obtained supports the order.   *First Nat. Bank v. Wilson,* 13 Hun, 232.   Such reasons would furnish no support for appellant's conclusion that the final order imposing costs is either void or erroneous, even if we conceded the proposition that the proceedings must satisfy all the requirements of sec. 3031 as well as those of sec. 3032. But we cannot persuade ourselves that such construction of sec. 3032 is warranted either by language or context.   That section, according to its letter, is complete in itself.   It authorizes the arrest and examination of the debtor whenever the affidavits show danger of departure from the state and reason to believe in existence of property unjustly withheld from application to the judgment.   This latter requirement

for the affidavit under sec. ʻ3032 would be well-nigh absurd upon the appellant's theory that it must also satisfy sec. 3031, which requires proof of the very fact of existence of such property, not merely of mere reason to believe in it. Again, sec. 3032 authorizes a broader field of-examination upon proof of the facts it prescribes, to wit, as to the debtor's property generally, instead of merely that described in the affidavit. Nor is there lack of good reason why full examination should be authorized with less of specification or other restriction when there is danger of the debtor's departure from the state. In that case creditor and court must act promptly without the opportunity to gain information as to the debtor's property either for purposes of specification under sec. 3031 or to enable the officer to honestly make return *nulla bona.* Courts must not ignore nor construe away the words of a statute in which lurks no ambiguity, which, as we have already said, seems the case ·here; at least, unless the result be substantially absurd, or unless, perhaps, those words may have acquired a fixed meaning before their adoption by our legislature. We can discover nothing of absurdity in the enforcement of sec. 3032 according to its exact words, nor can we discover that the same words existing in sec. 292 of the New York Code from 1851 to 1880 ever acquired any other construction. They were changed in the revision of the latter year. See sec. 2437, Ann. Code N. Y.

We conclude that, since both the affidavit and the subsequent proof showed attempt by appellant to secrete property and his unjust refusal to apply it to the judgment, the magistrate acquired jurisdiction in the premises; and further that, since the misconduct of the debtor had made necessary the proceeding, the order awarding costs against him was proper under sec. 3038.

*By the Court.*—Order affirmed.